[902 NYS2d 579]

In the Matter of Anthony Chike Emengo, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, May 18, 2010

## APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

*McDonough & McDonough*, Melville (*Chris McDonough* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated July 15, 2008, containing six charges of professional misconduct. After a preliminary conference on January 29, 2009 and a hearing on May 20, 2009, the Special Referee sustained all six charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline as the Court may deem just and proper. The respondent has cross-moved to confirm the Special Referee's report to the extent that it sustains charges one, two, four, five and six, to disaffirm the report to the extent that it sustains charge three, and to limit the sanction imposed to a public censure.

Charge one alleges that the respondent violated his fiduciary obligations by failing to maintain and preserve funds belonging to another person, entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In or about 2004, the respondent represented John Jeske, also known as John Jeski, in the sale of real property located in the Bronx, as well as in an estate matter concerning the real property which was the subject of that sale. The contract of sale, dated January 5, 2004, provided for a down payment in the sum of $27,500. On or about January 6, 2004, the respondent was entrusted as fiduciary with a certified check drawn in the sum of $20,000, as well as $7,500 in cash. He deposited those funds into his attorney trust account.

The respondent should have maintained at least $27,500 in his attorney trust account between the date of deposit, January 6, 2004, and the closing, June 30, 2005. The balance fell below

that sum on 13 occasions between January 31, 2004 and May 31, 2005.

At the closing, the respondent issued an attorney trust check in the amount of $2,000, payable to John Jeske. That check was posted to the account on July 5, 2005. At the closing, the respondent received the sum of $2,500 for legal fees related to his representation of John Jeske. He returned the balance of the down payment by check dated November 9, 2006, in the amount of $25,500.02, payable to Jeske's new attorney. That check was posted to the respondent's attorney trust account on November 20, 2006. Although the respondent should have maintained a minimum of $25,500 in his attorney trust account between June 30, 2005, the date of the closing, and November 20, 2006, the date the check was posted to the account, the balance dropped below that amount on 10 occasions.

Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, by failing to preserve funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual specifications of charge one.

Charge four alleges that the respondent commingled personal funds with funds belonging to another person by depositing them into his attorney trust account, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

In or about March 2004, the respondent represented Chukwuma K. Uwechia and received the sum of $65,000 in legal fees related to that representation. On March 30, 2004, he deposited those legal fees into his attorney trust account.

Charge five alleges that the respondent failed to adhere to his bookkeeping duties and obligations by failing to maintain the required bookkeeping entries for an attorney trust account concerning his practice of law for seven years after the events which those entries recorded, in violation of Code of Professional Responsibility DR 9-102 (d) (1), (2) and (8) (22 NYCRR 1200.46 [d] [1], [2], [8]).

Between January 1, 2003 and December 31, 2006, the respondent maintained an escrow account at HSBC Bank, entitled "Anthony Chike Emengo, Esq. Attorney Trust Account," which he used incident to his practice of law, and into which he deposited client funds. The respondent failed to maintain a record or ledger book for his attorney trust account showing the

source of all funds deposited therein, the names of all persons for whom funds were held, the amount of such funds, and the descriptions, amounts, and names of all persons to whom such funds were disbursed for the period from January 1, 2003 through December 31, 2006. The respondent also failed to maintain all cancelled checks, bank statements, and deposit tickets for his attorney trust account for that period.

Charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by violating his fiduciary obligations and duties due to his inability to account for funds held in his attorney trust account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between January 1, 2003 and December 31, 2006, the respondent maintained an escrow account at HSBC Bank, which he used incident to his practice of law. By letter dated March 29, 2007, he was asked to provide the Grievance Committee with a copy of the ledger or register, specifically identifying the date and purpose of each item deposited into his attorney trust account, as well as the date, payee, and purpose of each withdrawal or disbursement relating to that account for that period. He failed to provide the information requested. By letter dated June 20, 2007, the Grievance Committee asked the respondent to provide that same information, as well as copies of all bank statements, deposit tickets, and cancelled checks (front and back) for that period. The respondent failed to provide the requested documents.

Records obtained by the Grievance Committee from the bank reflect that the respondent issued a check dated January 17, 2004 from his attorney trust account, and payable to Hilton Pikesville in the amount of $218.09. At an examination under oath on March 20, 2008, the respondent was asked to identify the purpose of that check. His response was "It must be on behalf of someone, some clients. I can't tell you." He was similarly unable to account for checks payable to himself, dated between January 20, 2004 and April 24, 2004, in the sums of $400, $2,000, $1,000, $1,000 and $7,000.

Based on the evidence adduced and the respondent's admissions, we conclude that the Special Referee properly sustained charges one, two, four, five and six, but erred in sustaining charge three. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted to the extent that charges one, two, four, five and six are sustained, but denied

with respect to charge three. The respondent's cross motion to confirm in part and disaffirm in part, and to limit any discipline imposed to a public censure, is granted to the extent that charges one, two, four, five and six are sustained, but charge three is not sustained.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to bear in mind the chaos of his personal and professional life at the time of the charges and to resolve this matter with the issuance of a public censure.

The respondent's prior disciplinary history consists of an admonition, dated June 30, 2008, for neglecting a legal matter entrusted to him and failing properly to withdraw as counsel for the complainant by failing to obtain permission from the court in the absence of being substituted for by another attorney, as required by CPLR 321 (b) (1) and (2).

While the respondent admittedly made mistakes, his position is, in essence, that the errors committed with respect to the exercise of his fiduciary responsibilities and the proper maintenance of his attorney trust account were not intentional.

The respondent has since engaged an accountant, maintains separate and distinct business and escrow accounts, and makes lump sum, rather than intermittent, withdrawals of legal fees. In addition, his personal situation has improved in that he and his wife have reconciled and plan to remarry, and he has moved his practice into a new office in Brooklyn. The respondent has submitted five letters from longtime personal acquaintances, including two Roman Catholic priests, attesting to his good character and active involvement in charitable and social causes.

Notwithstanding the respondent's cooperation, expressions of remorse, and remedial efforts, his own statements evince a complete disregard of the responsibilities of a fiduciary. In light of the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that charges one, two, four, five and six are sustained, and is denied with respect to charge three; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee and to limit the discipline imposed to a public censure is granted to the

extent that charges one, two, four, five and six are sustained, charge three is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Anthony Chike Emengo, is suspended from the practice of law for a period of two years commencing June 18, 2010, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he: (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Anthony Chike Emengo, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Anthony Chike Emengo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).